UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| KELLY JO McKINNEY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 4:04 cv 81 |
| | ) |
| ICON TRANSPORTATION COMPANY, INC., | ) |
| | ) |
| Defendant | ) |

ORDER AND OPINION

This matter is before the court on the Motion to Quash filed by the plaintiff, Kelly Jo McKinney, on June 29, 2005; the Motion for a Protective Order filed by McKinney on June 29, 2005; and the Motion for Protective Order filed by McKinney on July 5, 2005.  For the reasons set forth below, the motion to quash is **GRANTED**, the first motion for a protective order is **GRANTED IN PART**, and the second motion for a protective order is **DENIED AS MOOT**.

Background

This discovery dispute arises from an employment discrimination suit filed by the plaintiff, Kelly Jo McKinney, in which she asserts claims of discrimination, retaliation, and retaliatory discharge in violation of the Americans with Disabilities Act by her former employer, ICON Transportation Company, Inc.

Through the assistance of Manpower Temporary Services, McKinney began working for Parkview Haven Retirement Home in 2005 following her termination from ICON approximately one year earlier.  On May 11, 2005, McKinney named Parkview as her current

employer pursuant to written discovery requests.  On June 24, 2005, ICON subpoenaed McKinney's entire personnel file, all application materials and records, and all written reviews or evaluations of McKinney from Manpower and Parkview, among other documents, without first contacting the plaintiff's counsel.  On June 27, 2005, counsel for the plaintiff wrote to defense counsel requesting that ICON refrain from contacting McKinney's current employers.  On June 29, 2005, McKinney filed her first motions to quash and for a protective order without contacting defense counsel pursuant to Local Rule 37.1.  After these motions were filed, counsel for the plaintiff contacted defense counsel by telephone on July 5, 2005, at which time defense counsel refused to retract the subpoenas.  McKinney filed her second motion for a protective order that day.

## Discussion

### Second Motion for a Protective Order

Aside from a slight change in the opening paragraph and the relief requested, the plaintiff's second motion for a protective order is precisely the same as the first.  The court further notes that the first motion for a protective order encompasses the relief requested in the second motion.  Because a party need not file multiple motions requesting the same relief on the same grounds, the plaintiff's second motion for a protective order is denied as moot.

**First Motion for a Protective Order and to Quash**

Before reaching the merits of the plaintiff's motions, the defendant's argument that these motions should be denied because McKinney failed to comply with Local Rule 37.1 must be addressed. Rule 37.1 requires a party to certify that she has made a good faith effort to resolve a discovery dispute before seeking court intervention. It further allows the court, in its discretion, to deny motions which are unaccompanied by the necessary certification. *See* Rule 37.1(c).

In this instance, denial of the plaintiff's motions on the basis of Rule 37.1 is not warranted. While plaintiff's counsel failed to contact defense counsel before filing her motions, defense counsel made no effort to work through the plaintiff's counsel to obtain the requested documents or to notify the plaintiff before subpoenaing her employers. To punish the plaintiff for a dispute that began when the defendant stepped outside normal and decorous channels of discovery does not comport with justice. In any event, the parties do not dispute that after a belated attempt at Rule 37.1 compliance, neither party has altered its position. Accordingly, the court turns to the substance of the plaintiff's motions.

Federal Rule of Civil Procedure 45(c)(2)(B) states that the person to whom a subpoena duces tecum is directed may object to the production of the subpoenaed materials. In other words, the general rule is that "only the person to whom a subpoena is directed may move to quash a subpoena duces tecum." ***Brady v.***

3

*Central Indiana Regional Blood Center, Inc.*, No. 1:99-MC-19, 1999 WL 33912610, at *1 (N.D. Ind. Oct. 6, 1999). However, "a party can object to a subpoena directed at a nonparty by asserting a 'personal right or privilege' to the information." *Brady*, 1999 WL 33912610, at *1. *See also Davenport v. Indiana Masonic Home Foundation, Inc.*, No. IP 00-1047-CH/G, 2003 WL 1888986, at *3-4 (S.D. Ind. March 27, 2003); *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-57 (S.D. Ind. 2002). It is well-established in this Circuit that a party has a privacy interest in her employment records, which provides her with the standing to challenge subpoenas directed at her current and former employers. *See Davenport*, 2003 WL 1888986, at *3 (finding that the plaintiff "has a legitimate privacy interest in her employment and unemployment records"); *Graham*, 206 F.R.D. at 257 ("[T]here is a privacy interest in personnel and employment files.")(*citing Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994).

Despite the clarity of law on this point, ICON argues that McKinney does not have standing to challenge the subpoenas directed at Manpower and Parkview. Standing is distinct from the question of waiver. *See Brady*, 1999 WL 33912619, at *1 (noting that by bringing an employment discrimination suit, the plaintiff had "in essence, waived most of her privacy rights in this area"). ICON erroneously attempts to blur this distinction by arguing that "[b]ecause Ms. McKinney has no privacy rights in these records, she does not have standing to challenge the subpoenas." (Resp. Brief p. 3) As this argument is contrary to

4

the position of all courts within the Seventh Circuit to consider the issue, it must be rejected.

The balance of the parties' briefs dispute whether the materials sought by ICON are discoverable.  Federal Rule of Civil Procedure 26 supplies the permissible scope of a non-party subpoena under Rule 45.  *See* **Richmond v. Service Parts Logistics**, No. IP01-1412-C-K/H, 2002 WL 745588, at *1-2 (S.D. Ind. Apr. 25, 2005); **Graham**, 206 F.R.D. at 253.  Under Rule 26, a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  The party who objects to a Rule 45 subpoena bears the burden of showing why discovery should not be sought with specificity as to each item requested.  *See* **Graham**, 206 F.R.D. at 254.  Nevertheless, "Rule 26(b)(2) 'empowers district courts to limit the scope of discovery if the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.'" **Richmond**, 2002 WL 745588, at *2 (*quoting* **Patterson v. Avery Dennison Corp.**, 281 F.3d 676, 681 (7th Cir. 2002) (internal quotation omitted).  *See also* **Graham**, 206 F.R.D. at 253-54.  In addition, in an employment discrimination suit, a defendant's request for the plaintiff's entire personnel file, on its face, is likely "overbroad and not reasonably calculated to lead to the discovery of admissible evidence."  **Richmond**, 2002 WL 745588, at *4.

Any decision by this court on the relevancy of the documents requested by ICON or the necessity and appropriate scope of a

5

Rule 45 subpoena to McKinney's employers is premature at this time because the parties have not attempted to communicate with each other in order to narrow the issues.  Based on the law of this Circuit, neither McKinney's position that none of her records are relevant nor ICON's position that everything subpoenaed falls within the scope of discovery, is tenable.  *See* ***Davenport***, 2003 WL 1888986, at *3-4; ***Richmond***, 2002 WL 745588, at *3-5; ***Graham***, 206 F.R.D. at 254-56.  The defendant is directed to confer with the plaintiff regarding which materials will be produced voluntarily, and the plaintiff is directed to develop a privilege log to clarify which documents the plaintiff is unwilling to produce, and the reasons therefor, before the parties seek court intervention in the matter for a second time.  If McKinney possesses all of the documents requested by ICON, a non-party subpoena is not necessary and this court may address any unresolved matters on cross motions to compel and for a protective order.  This court agrees with the Southern District of Indiana that a plaintiff "has a legitimate concern that a subpoena sent to her current employer under the guise of a discovery request could be a tool for harassment and result in difficulties for her in her new job," and cautions the defendant to pursue its discovery needs through the plaintiff before subpoenaing her employers.  ***Graham***, 206 F.R.D. at 256.

In conclusion, the court will quash the subpoenas directed to Manpower and Parkview but declines to enter a protective order to the extent that it would prevent the defendant from contacting

6

McKinney's current employers without leave of court.  Such a measure would be draconian at this stage of the litigation and would require more court supervision in the discovery process than may prove necessary once the parties have conferred. However, in no way should the court's disposition of the plaintiff's motions be construed as granting the defendant leave to resubpoena the non-party employers before the parties have made all diligent effort to resolve this conflict amongst themselves. The court also finds that an award of attorneys fees and expenses is not appropriate at this time.

_____

For the reasons set forth above, the Motion to Quash filed by the plaintiff, Kelly Jo McKinney, on June 29, 2005 is **GRANTED**; the Motion for a Protective Order filed by McKinney on June 29, 2005 is **GRANTED IN PART**; and the Motion for Protective Order filed by McKinney on July 5, 2005 is **DENIED AS MOOT**.

ENTERED this 9th day of August, 2005

                                          s/ ANDREW P. RODOVICH
                                          United States Magistrate Judge